```
                     RUNITED STATES DISTRICT COURT
                       DISTRICT OF SOUTH CAROLINA
                           GREENVILLE DIVISION
```

| | | |
|---|---|---|
| Mary E. Luster, | ) | |
| | ) | C/A No. 6:07-cv-3344-GRA-WMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | Written Opinion |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C. issued on October 31, 2008. Plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying er claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. The magistrate recommends reversing the decision of the Commissioner and remanding the action for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on September 20, 2004 alleging that she had become

disabled on February 21, 2004.  The Commissioner denied Plaintiff's application originally and on reconsideration.  Plaintiff requested a hearing, which was held on November 4, 2005 where the plaintiff, her attorney, her daughter and a vocational expert appeared.   The ALJ considered the case de novo and on January 6, 2006, found that the plaintiff was not disabled under the Social Security Act. The plaintiff produced new evidence to Appeals Council and the Council remanded the case for further proceedings on July 18, 2006.  On January 17, 2007, a supplemental hearing was held with the plaintiff, her attorney, and a vocational expert present.  The ALJ again denied benefits on April 24, 2007.  The decision was approved by the Appeals Council on August 14, 2007, making it the final decision of the Commissioner.  The plaintiff filed this civil action for judicial review on October 9, 2007.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with

instructions." *Id*.    Defendant filed objections to the magistrate's Report and Recommendation on November 20, 2008.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination.  *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

Defendant Commissioner raises two objections to the magistrate's Report and Recommendation.   The defendant's first objection is that the magistrate's recommendation to remand the case a second time to allow the ALJ develop and clarify the record by obtaining more evidence from Dr. Cordas, the treating orthopedist's opinions about the plaintiff's functional limitations or another source is unnecessary.  The magistrate contends that on remand from the Appeals Council, the ALJ failed to make the proper findings and failed to follow the direction of the Appeals Council.  The defendant argues that there is no ambiguity in Dr. Cordas' conclusions regarding the plaintiff's functioning and to remand the case would be redundant and unnecessary.  This Court disagrees with the defendant's position.

The date beside Dr. Cordas' name on the "Fibromyalgia Residual Functional Capacity Questionnaire" was before he began treating the plaintiff.  This is an ambiguity and thus requires clarification.  The ALJ should have also obtained more evidence from a treating source.  The ALJ discounted Dr. Cordas' opinions as the ALJ stated the opinions were not supported by the doctor's treatment notes. (Tr. 25).  Dr. Cordas was a treating physician.  A treating physician's opinion is entitled to great

weight and may be disregarded only when there is <u>persuasive contradictory</u> evidence. *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).  The ALJ should have obtained more evidence from Dr. Cordas in order to rightfully discredit his opinion.  The ALJ should have asked Dr. Cordas how he arrived at his opinions instead of disregarding them immediately.  The remand order stated that the ALJ was to obtain medical expert testimony if necessary.  (Tr. 398)  This ambiguity and the alleged lack of support made obtaining additional evidence necessary.  Upon remand, the ALJ should obtain updated additional medical evidence and/or clarification from Dr. Cordas as to his opinion and the basis for his opinion of the plaintiff's residual functional capacity.  The ALJ should also obtain clarification from Dr. Cordas as to the date on the questionnaire.

The defendant next objects to the magistrate's conclusion that the hypothetical was deficient in that it did not set out the Plaintiff's abilities and limitations.  The defendant argues that it was sufficient and that it properly set out all the plaintiff's limitations and abilities.  The plaintiff agrees with the magistrate and states that the ALJ should obtain supplemental evidence from a vocational expert with the imitations set out by Dr. Cordas or the independent medical expert.   This Court agrees.  The hypothetical was skewed against the plaintiff and highly improper.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."  *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).  The hypothetical

stated that the plaintiff was affected by depression and by the side effects of her medications as well as dizziness, however, it did not set out other specific impairments such as the plaintiff's cervical spine impairments and shoulder problems.  The ALJ did not question the vocational expert regarding the plaintiff's abilities or limitations, just instructed the vocational expert to assume the light work limitation.  The vocational expert's opinion must be based on all the evidence in the record not just the claimant's testimony.  Merely stating that the plaintiff is limited to light work does not assume that the vocational expert knew all the plaintiff's limitations or abilities, the ALJ must ask questions that ensures the vocational expert knows the plaintiff's abilities and limitations. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989) *see also Hines v. Barnhart*, 453 F.3d 559, 567 (4th Cir. 2006) (stating that "[b]ecause the vocational expert did not take into account all facts in the record when rendering his opinion of employability, that opinion had no value.")  The hypothetical in this case was deficient and therefore is not useful.  On remand, the ALJ must obtain vocational expert testimony in response to hypothetical questions setting out all of the plaintiff's impairments, both exertional and nonexertional including any new evidence obtained as directed above.

## CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Defendant, and the facts and record of this case, this Court finds the Report

and Recommendation is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

  IT IS THEREFORE ORDERED that the decision of the Commissioner be REVERSED with a REMAND of the cause to the Commissioner for further proceedings as outlined in the Report and Recommendation and this Order.

  IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December  19 , 2008
Anderson, South Carolina